United States District Court
Southern District of Texas
**ENTERED**
July 13, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KYLE W. REUTER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-01474 |
| | § | |
| XTO ENERGY, INC. ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On February 28, 2022, the Court referred all dispositive and non-dispositive pretrial matters in this case to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1)(A) and (B). *See* Dkt. 66. On March 15, 2022, Judge Edison filed a Memorandum and Recommendation, recommending that the Court grant Defendants XTO Energy Inc. and Exxon Mobil Corporation's Motion for Summary Judgment. *See* Dkt. 69.

On April 15, 2022, Plaintiff objected to Judge Edison's Memorandum and Recommendation. *See* Dkt 73. In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). *See also* FED. R. CIV. P. 72(b)(3).

The Court has carefully reviewed Judge Edison's Memorandum and Recommendation, Plaintiff's Objections, the pleadings, and the briefing and arguments of the parties. After doing so, I am, convinced that Judge Edison's Memorandum and Recommendation is well-written and correctly applies the legal

framework to the dispute at hand. The Court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court.

It is telling that Plaintiff's Objections do not, for the most part, challenge Judge Edison's reasoning. Instead, as Defendants correctly observe, Plaintiff's Objections "ask[] for the proverbial 'second bite at the apple' by attempting to re-litigate his case with new theories, arguments, and purported evidence that he never raised [before Judge Edison] in his Response in Opposition to Defendants' Motion for Summary Judgment or previous briefings." Dkt. 75 at 5. This is not permitted.

In his Objections, Plaintiff advances two new arguments that he completely failed to assert before Judge Edison in response to Defendants' Motion for Summary Judgment. First, Plaintiff now alleges, for the first time, that ExxonMobil and XTO are joint employers. Second, Plaintiff now claims, again for the first time, that his failure to name XTO in his EEOC Charge should be excused because XTO had notice of his Charge. "Because [Plaintiff is] not entitled to raise arguments for the first time in [his] objections to the Magistrate Judge's Report and Recommendation that were not asserted in [his] Motion, these new arguments are not properly before the Court for consideration." *McPeak-Torres v. Texas*, No. CV G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (Costa, J.). *See also Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."); *Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994) (arguments that could have been raised before the magistrate judge, but were raised for the first time in objections before the district court, were waived); *Paterson–Leitch Co., Inc. v. Mass. Mun. Wholesale Elec., Inc.*, 840 F.2d 985, 990–91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").

Next, Plaintiff attached to his Objections four documents that he inexplicably failed to submit with his summary judgment response. Those four documents are: (1) a 2019 W-2 Form (Exhibit 1); (2) bank statements (Exhibit 2); (3) health insurance cards (Exhibit 3); and (4) an information packet Plaintiff allegedly received post-termination (Exhibit 5). It deserves repeating that the very first time these four documents appear in the Court's record is AFTER full briefing on the summary judgment motion and AFTER Judge Edison issued his detailed Memorandum and Recommendation.

In the Fifth Circuit, "when objecting to a magistrate judge's report and recommendation on summary judgment, litigants may submit additional evidence for the district court's de novo review." *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). A district court, however, is not required to accept the new evidence. *See Freeman*, 142 F.3d at 852–53. Rather, the district court has wide discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted. *See id.* The Fifth Circuit has identified "several factors that a court should consider in deciding whether to accept additional evidence after a magistrate judge's recommendation has been issued, including: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003).

Applied here, these factors weigh strongly against allowing Plaintiff to supplement the evidentiary record. To begin, there is no good reason for Plaintiff's failure to originally submit these documents with his summary judgment response. Allowing Plaintiff to introduce these exhibits now, at this late juncture, would mean that a plaintiff can treat summary judgment before a magistrate judge as a test run and produce new evidence to support its case after a memorandum and

recommendation has been issued. The Fifth Circuit has expressly rejected such an approach. *See Freeman*, 142 F.3d at 852 ("Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence."). As far as the importance of the omitted evidence to Plaintiff's case (factor 2) and the likelihood of unfair prejudice to Defendants if the evidence is accepted (factor 4), the four new pieces of evidence do not, in my mind, alter the legal landscape and create a genuine issue of material fact that avoids summary judgment. Finally, Plaintiff offers no compelling reason why he failed to introduce the four pieces of evidence earlier. All told, after carefully considering the factors the Fifth Circuit requires me to evaluate when determining whether to accept new evidence after a magistrate judge has issued a memorandum and recommendation, I utilize my discretion to disallow the evidence.

As an aside, Defendants have filed a Motion to Strike Portions of Plaintiff's Evidence Submitted with Objections to the Memorandum and Recommendation of the U.S. Magistrate Judge. Dkt. 41. That motion asks me to strike three of the new pieces of evidence (Exhibits 2, 3, and 5) for, among other reasons, Plaintiff's failure to produce these exhibits during discovery. "The law is very clear: evidence that was not properly produced during discovery cannot be used to support or oppose summary judgment." *Morris v. Copart*, No. 4:15-CV-724, 2016 WL 6608874, at *3 (E.D. Tex. Nov. 9, 2016) (quotation omitted). Here, Defendants have identified numerous requests for production (not to mention the Court's Initial Discovery Protocols for Certain Employment Cases Alleging Adverse Action) which specifically call for the production of the bank statements (Exhibit 2), health insurance cards (Exhibit 3), and post-termination information packet (Exhibit 5)—i.e., evidence on which Plaintiff now heavily relies. Plaintiff concedes that these documents were not produced during the discovery process but conveniently sidesteps Defendants' persuasive argument that it is fundamentally unfair to allow Plaintiff to offer untimely disclosed evidence at this late stage.

It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation (Dkt. 69) is **APPROVED AND ADOPTED** in its entirety as the holding of the Court; and

(2) Defendants XTO Energy Inc. and Exxon Mobil Corporation's Motion for Summary Judgment (Dkt. 41) is **GRANTED**; and

(3) Defendants' Motion to Strike Portions of Plaintiff's Evidence Submitted with Objections to the Memorandum and Recommendation of the U.S. Magistrate Judge (Dkt. 74) is **GRANTED**.

It is so **ORDERED**.

SIGNED at Houston, Texas on July 13, 2022.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE