# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KYLE W REUTER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-01474 |
| | § | |
| XTO ENERGY, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

On March 15, 2022, I recommended that Defendants XTO Energy, Inc. and ExxonMobil Corporation's Motion for Summary Judgment be granted, that Plaintiff Kyle Reuter ("Reuter") take nothing, and that this case be dismissed. *See* Dkt. 69. On July 13, 2022, United States District Judge George C. Hanks, Jr. adopted my recommendation and issued a final judgment in favor of Defendants. *See* Dkts. 78–79.

On July 27, 2022, Defendants filed a Bill of Costs as permitted by Federal Rule of Civil Procedure 54(d)(1), seeking a total of $9,770.06 in costs: $9,328.01 incurred in connection with various depositions and $442.05 for in-house copying. *See* Dkt. 80. On August 10, 2022, Reuter filed objections to Defendants' Bill of Costs. *See* Dkt. 81. I now must decide the proper amount of costs to award.[1]

---

[1] "Because a request to assess costs under Rule 54(d)(1) is considered a non-dispositive matter, I can issue an Opinion and Order as opposed to a Memorandum and Recommendation." *Rodriguez v. Phillips 66 Co.*, No. 3:19-CV-00209, 2021 WL 5298918, at *1 n.1 (S.D. Tex. Nov. 15, 2021); *see also Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:19-CV-1085-S, 2021 WL 2255901, at *1 (N.D. Tex. June 3, 2021) ("[O]bjections to a bill of costs . . . under Rule 54(d)(1) and 28 U.S.C. § 1920 may be treated as nondispositive."); *Hakim v. Cannon Avent Grp., PLC*, No. 02-1371, 2007 WL 3120671, at *1 (W.D. La. Oct. 23, 2007) ("[D]istrict courts in this circuit have found that a motion taxing costs is a non-dispositive pretrial matter and have applied the clearly erroneous/contrary to law standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 54(b).").

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Although a district court is given "broad discretion" to determine whether the prevailing party is entitled to an award of costs in a particular case, *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998), "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, the Fifth Circuit has said that "the prevailing party is prima facie entitled to costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (quotation omitted).

As a threshold matter, Reuter has waived any objections to an award of costs. Southern District of Texas Local Rule 54.2, titled "Bill of Costs," mandates that "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment." S.D. Tex. L.R. 54.2. Defendants complied with this requirement, filing their bill of costs on July 27, 2022—exactly 14 days after the July 13, 2022 entry of final judgment. Local Rule 54.2, which has been in effect since December 1, 2009, also governs when objections to a bill of costs must be filed. It mandates that "[o]bjections to allowance of the bill, the attorney's fees, or both must be filed within 7 days of the bill's filing." *Id*. Given that Defendants filed their Bill of Costs on July 27, 2022, Local Rule 54.2 provided Reuter seven days—or until August 3, 2022—to timely file objections. Reuter did not do so. He filed his objections on August 10, 2022—14 days after Defendants filed their Bill of Costs and seven days late. Reuter also never sought leave to file late objections to the Bill of Costs.

By failing to timely file objections within the seven-day time period established by the Local Rules, Reuter has waived any challenge to Defendants' Bill of Costs. *See Williams v. U.S. Dep't of Navy*, 149 F. App'x. 264, 270 (5th Cir. 2005) ("Because Williams similarly has failed to file a motion objecting to the award of costs within the [time period allowed by the relevant Local Rule], we find that

Williams has waived her objection to the bill of costs."); *Carlson v. Rockwell Int'l Corp.*, 132 F.3d 1453, 1997 WL 802035, at *2 (5th Cir. 1997) ("We agree with the district court's conclusion that Carlson waived any objection to the cost award by failing to object to the bill of costs within [the time period allowed by the relevant Local Rule]."); *Prince v. Poulos*, 876 F.2d 30, 33–34 (5th Cir. 1989) (holding plaintiff waived any objections to an award of costs by failing to timely object); *Ihsan v. Weatherford U.S., L.P.*, No. CV H-17-2546, 2019 WL 3935975, at *7 (S.D. Tex. Aug. 20, 2019) ("Because plaintiff failed to object to defendant's Bill of Costs within the 7-day period provided by Local Rule 54.2, plaintiff has waived any objection to the cost award by failing to file timely objections."), *aff'd*, 799 F. App'x. 895 (5th Cir. 2020); *RSL-3B-IL, Ltd. v. Symetra Life Ins. Co.*, No. CV H-12-2708, 2018 WL 11363822, at *1 n.1 (S.D. Tex. Oct. 19, 2018) (refusing to address defendant's contentions regarding costs because defendant failed to timely object to the award of costs).

Because Reuter has waived all objections to Defendants' Bill of Costs, I need not conduct a detailed analysis to determine whether Defendants have properly documented and established the costs requested. Nonetheless, out of an abundance of caution, I have reviewed the record and conclude that the costs Defendants seek are reasonable and proper.

Accordingly, the following costs are allowed: (1) $9,328.01 for costs incurred in connection with various depositions; and (2) $442.05 for in-house copying. The total allowed costs are $9,770.06. The Clerk is thus directed to tax costs in the amount of $9,770.06 against Reuter.

SIGNED this 1st day of December 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE